NOS. 12-03-00157-CR


 12-03-00158-CR

 12-03-00159-CR

 12-03-00160-CR

 12-03-00161-CR


IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


GWINN ANDREW DIXON,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


PER CURIAM


 Gwinn Andrew Dixon ("Appellant") appeals each of his convictions for delivery of a
controlled substance. In three of the cases (12-02-00157-00159-CR), Appellant was sentenced to
two years of imprisonment in each case. In the other two cases, Appellant was sentenced to twenty
years of imprisonment in each case (12-02-00160 and 00161-CR). Appellant's counsel filed a brief
in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm. 


Background

 Appellant was indicted on five counts of delivery of a controlled substance. On November
30, 2000, Appellant pleaded guilty to each count and was placed on deferred adjudication probation
for five years in each of three of the cases (12-02-00157-00159-CR) and ten years in each of the
other two cases (12-02-00160 and 00161-CR). On or about March 30, 2002, the State moved to
revoke Appellant's deferred adjudication probation and proceed with adjudication of guilt and
sentencing because Appellant failed to comply with the terms of his probation. On April 4, 2003,
Appellant pleaded "not true" to the allegations contained in the State's motion and the trial court
held a hearing in order hear evidence on the motion. After both the State and Appellant presented
evidence in support of their positions, the trial court found that Appellant had not complied with the
conditions of his probation and adjudged him guilty in each of the cases. The trial court then
sentenced Appellant to five years of imprisonment in each of three of the cases (12-02-00157-00159-CR) and twenty years of imprisonment in each of the other two cases (12-02-00160 and 00161-CR). 
Appellant timely filed his notice of appeal on April 21, 2003.


Analysis Pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. He further relates that he
is well acquainted with the facts in this case. In compliance with Anders, Gainous, and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological
summation of the procedural history of the case, and further states that Appellant's counsel is unable
to raise any arguable issues for appeal. We have likewise reviewed the record for reversible error
and have found none.

 As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's
counsel has moved for leave to withdraw. We carried the motion for consideration with the merits
of the appeal. Having done so and finding no reversible error, Appellant's counsel's motion for
leave to withdraw is hereby granted and the trial court's judgment is affirmed.

Opinion delivered November 26, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(DO NOT PUBLISH)